UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                              RESPONSE IN OPPOSITION TO
                                              GOVERNMENT'S MOTION FOR
V.                                           PROTECTIVE ORDER ON BEHALF OF
                                              DAQUAN DOWDELL

                                              Case No. 18-CR-353 (FJS)

DAQUAN DOWDELL, et al
                Defendant.

      The Defendant, DAQUAN DOWDELL, submits the following in opposition to the government's motion for a Protective Order (Docket No. 41) in regard to its prospective disclosure of discovery material.

      The government seeks a blanket Protective Order: prohibiting disclosure of "any" discovery material to anyone other than defense counsel and employees, and the Defendant; and permitting it to unilaterally designate material that may be "shown" to the Defendant but not retained by him "while incarcerated." See proposed Order Regarding Disclosure Pursuant to Fed. R. Crim. P. 16(0)(1), attached to Government's Motion. As set forth below, the proposed order would deny the Defendant due process, the equal protection of the law and the effective assistance of counsel, in violation of the Fifth and Sixth Amendments to the Constitution, and should be denied.

      The basis for the issuance of a Protective Order is "good cause." *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass 2012); Fed. R. Crim. Proc. 16(d)(1). The burden is on the government to establish that good cause exists. *United States v. Smith*, 985 F.Supp.2d 506, 522 (SDNY 2013). As the court in *Bulger*, supra, observed, good cause "requires a particularized specific showing. See *United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir.2007) (' "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not

support a good cause showing" ') ( quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir.1994)); see also *Anderson v. Cryovac, Inc.*, 805 F.2d at 7 ('finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements')." *Bulger*, 283 F.R.D. at 52 (emphasis added). Accordingly, "simply referring to broad swaths of categories of material is not sufficient" to justify a blanket protective order, even in a case involving "a racketeering conspiracy that includes predicate acts of murders." *Bulge*r, 283 F.R.D. at 58 (requiring the government to Bates number and identify documents it submits should be subject to protection.)

      The government clearly fails to meet its burden. It not only does not identify specific documents but fails to identify even the types or categories of material which should be the subject of the order. Moreover, the government seeks a blanket grant of authority to unilaterally determine which material the Defendant should be allowed to examine in any detail, clearly usurping the Court's role in regulating discovery.

      Responding to the appropriateness of a Protective Order is impossible without the government's indicating what material it seeks to protect. I note that based on my past involvement in a similar prosecution in this district, however, much of the discovery likely consists of material that is or has previously been available to the Defendant or is otherwise public or non-confidential. For example, on information and belief, most, if not all, of the overt acts in the indictment relate to offenses for which the individuals named in those acts were previously prosecuted in New York State court; much of the discovery in past prosecutions has related to those acts, and would therefore have been disclosed to the defendants in the state prosecutions. Other discovery in past prosecutions has consisted of photographs or descriptions in arrest reports of purported gang tattoos on various defendants; reports of sheriff's department jail personnel referencing alleged admissions of gang membership by defendants; photographs of public spaces with graffiti purportedly delineating gang territory; photographs (and now perhaps social media postings) taken from defendants that allegedly depict individuals showing "gang signs"; and transcripts of proceedings from the previous state court prosecutions. None of that material is confidential or warrants a Protective Order.

      The Defendant additionally objects to the issuance of an order that allows the government to unilaterally designate certain material and prohibit that material from being retained by an incarcerated defendant. The Defendant is currently housed in the Cayuga County jail, about one

hour round trip by car from counsel's office. In addition, while most jails pay lip service to the notion that counsel can visit a pretrial detainee at any time, virtually all enforce time limits of some kind; most of the jails where federal defendants are housed in this district require counsel to leave the jail for one and one-half or two hour periods for breakfast, lunch, dinner and mid-afternoon shift changes. The amount of time that can be spent with my client on any given day is therefore extremely limited. The government's proposed order would thus require counsel to devote literally weeks - likely months - of entire days devoted to nothing other than traveling to remote jails and sitting across from my client while he reviewed the material. Such a devotion of time would be impossible for me personally, and I suspect for all of the co-defendants' attorneys.

## CONCLUSION

In sum, the government has not met its burden of establishing good cause for a Protective Order. Moreover, the proposed provision restricting the Defendant's access to material, particularly given his current housing situation, violates his rights to due process and the effective assistance of counsel; and as the order would only apply to an incarcerated defendant, to equal protection of the law.

Dated: November 13, 2018          Respectfully submitted,

*Kenneth M. Moynihan*

Kenneth M. Moynihan
Attorney for Defendant Daquan Dowdell
Bar Roll No. 508472
120 E. Washington Street, Suite 825
Syracuse, New York 13202